IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:23-CV-340-D

|  |  |  |
|---|---|---|
| SOUTHLAND NATIONAL INSURANCE CORPORATION in Liquidation; BANKERS LIFE INSURANCE COMPANY in Rehabilitation; COLORADO BANKERS LIFE INSURANCE COMPANY in Rehabilitation; and the SPECIAL DEPUTY REHABILITATORS of COLORADO BANKERS LIFE INSURANCE COMPANY and BANKERS LIFE INSURANCE COMPANY and the SPECIAL DEPUTY LIQUIDATORS of SOUTHLAND NATIONAL INSURANCE CORPORATION, on behalf of both the policyholders and creditors of each of these insolvent companies, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **JUDGMENT** |
| Plaintiffs, | ) ) |  |
| v. | ) ) |  |
| GREG E. LINDBERG, CHRISTOPHER HERWIG, DEVIN SOLOW, ET AL., | ) ) ) |  |
| Defendants. | ) ) |  |

## JUDGMENT AS TO DEFENDANT DEVIN SOLOW

The Plaintiffs having filed a Complaint and Defendant Devin Solow having entered a general appearance; consented to the Court's jurisdiction over Defendant Solow and the subject matter of this action; consented to entry of this Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

# I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant Solow is liable to Plaintiffs for the claims alleged in the Complaint and shall pay damages to Plaintiffs in an amount that shall be determined by the Court upon motion of the Plaintiffs and that prejudgment interest shall be calculated from July 1, 2017, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2).

In connection with the Plaintiffs' motion for damages, and at any hearing held on such a motion: (a) Defendant Solow will be precluded from arguing that he did not violate state and federal law, as alleged in the Complaint; (b) Defendant Solow may not challenge the validity of the Consent or this Judgment; (c) the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Plaintiffs' motion for damages, the Plaintiffs and Defendant Solow may take discovery, including discovery from parties or appropriate non- parties.

# III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent executed by Defendant Solow is incorporated herein with the same force and effect as if fully set forth herein, and that Plaintiffs and Defendant shall comply with all of the

2

undertakings and agreements set forth therein.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the allegations in the complaint are true and admitted by Defendant Solow, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a non-dischargeable debt of Defendant Solow because such obligations arise from money that was obtained by false pretenses, a false representation, or actual fraud, as well as for fraud while acting in a fiduciary capacity as defined by 11 U.S.C. §§ 523(a)(2)(A) and (4).

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

VI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

SO ORDERED. This the 14 day of September, 2023.

_4___Dever_____

JAMES C. DEVER, III
United States District Judge

3