IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-00340-D-RN

| | |
|---|---|
| SOUTHLAND NATIONAL INSURANCE CORPORATION in Liquidation; BANKERS LIFE, INSURANCE COMPANY in Rehabilitation; COLORADO BANKERS LIFE INSURANCE COMPANY in Rehabilitation; and the SPECIAL DEPUTY REHABILITATORS of COLORADO BANKERS LIFE INSURANCE COMPANY and BANKERS LIFE INSURANCE COMPANY and the SPECIAL DEPUTY LIQUIDATORS of SOUTHLAND NATIONAL INSURANCE CORPORATION, on behalf of both the policyholders and creditors of each of these insolvent companies, <br><br> *Plaintiffs,* <br><br> v. <br><br> GREG E. LINDBERG, CHRISTOPHER HERWIG, DEVIN SOLOW, GLOBAL GROWTH HOLDINGS, INC., STANDARD ADVISORY SERVICES, LTD., EDWARDS MILL ASSET MANAGEMENT, LLC, ACADEMY FINANCIAL ASSETS, LLC, ALPHARETTA, LLC, AR PURCHASING SOLUTIONS, LLC, AR PURCHASING SOLUTIONS 2, LLC, COMPLYSMART, LLC, AUGUSTA ASSET MANAGEMENT, LLC, BALDWIN ASSET MANAGEMENT, LLC, CAPITAL ASSETS FUND I, LLC, CAPITAL ASSETS FUND II, LLC, CAPITAL ASSETS FUND IV, LLC, CAPITAL ASSETS FUND V, LLC, CAPITAL ASSETS MANAGEMENT, II, LLC, CAPITAL ASSETS MANAGEMENT III, LLC, CHATSWORTH ASSET MANAGEMENT, LLC, CV INVESTMENTS, LLC, DAMASCUS ASSET MANAGEMENT, LLC, EPHESUS | **DEFENDANT STANDARD ADVISORY SERVICES, LTD. MOTION TO JOIN IN AND ADOPT MOVING DEFENDANT'S PARTIAL MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT** |

1

| | |
|---|---|
| ASSET MANAGEMENT, LLC, FOREST PARK ASSET MANAGEMENT, LLC, GBIG HOLDINGS, LLC, GILFORD ASSET MANAGEMENT, LLC, HAMPTON ASSET MANAGEMENT, LLC, HPCSP INVESTMENTS, LLC, INTRALAN INVESTMENTS LIMITED, IRON CITY ASSET MANAGEMENT, LLC, ITECH FUNDING, LLC, JACKSON ASSET MANAGEMENT, LLC, KITE ASSET MANAGEMENT, LLC, LILLY ASSET MANAGEMENT, LLC, MARSHALL ASSET MANAGEMENT, LLC, PARADISE ASSET MANAGEMENT, LLC, ROCKDALE ASSET MANAGEMENT, LLC, STANDARD FINANCIAL LIMITED, SUMMERVILLE ASSET MANAGEMENT, LLC, and TYBEE ISLAND ASSET MANAGEMENT, LLC, | § § § § § § § § § § § § § § § § § § § § § § § § § § |
| *Defendants.* | § § |

Defendant Standard Advisory Services, Ltd. ("SASL"), by and through its undersigned counsel, hereby files this Motion to Join in and Adopt Defendants Greg E. Lindberg; Global Growth Holdings, Inc.; Academy Financial Assets, LLC; Alpharetta, LLC; AR Purchasing Solutions, LLC; AR Purchasing Solutions 2, LLC; ComplySmart, LLC; Augusta Asset Management, LLC; Baldwin Asset Management, LLC; Capital Assets Fund I, LLC; Capital Assets Fund II, LLC; Capital Assets Fund IV, LLC; Capital Assets Fund V, LLC; Capital Assets Management II, LLC; Capital Assets Management III, LLC; Chatsworth Asset Management, LLC; CV Investments, LLC; Damascus Asset Management, LLC; Ephesus Asset Management, LLC; Forest Park Asset Management, LLC; GBIG Holdings, LLC; Gilford Asset Management, LLC; Hampton Asset Management, LLC; HPCPS Investments, LLC; Iron City Asset Management,

LLC; iTech Funding, LLC; Jackson Asset Management, LLC; Kite Asset Management, LLC; Lilly Asset Management, LLC; Marshall Asset Management, LLC; Paradise Asset Management, LLC; Rockdale Asset Management, LLC; Summerville Asset Management, LLC; and Tybee Island Asset Management, LLC ("Moving Defendants") Partial Motion to Dismiss Plaintiffs' Amended Complaint ("Moving Defendants' Motion to Dismiss"), and states as follows:

SASL hereby joins in all respects Moving Defendants in their Motion to Dismiss, filed on October 10, 2023. [Doc. No. 43]. SASL further joins Moving Defendants in all other papers submitted, or to be submitted, in support thereof.

In addition, SASL moves to dismiss all claims against it on the basis of lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). "Rule 12(b)(2) provides for dismissal where the court lacks personal jurisdiction over a particular named defendant. In the Fourth Circuit, the standard for deciding a motion based on Rule 12(b)(2) was set forth in *Combs v. Bakker,* 886 F.2d 673, 676 (4th Cir. 1989), where it explained that a plaintiff has the burden to prove personal jurisdiction by a preponderance of the evidence." *Moseley v. Fillmore Co., Ltd*., 725 F. Supp. 2d 549, 557–58 (W.D.N.C. 2010). "First, the court must consider whether the forum state's long-arm statute authorizes personal jurisdiction. Second, if personal jurisdiction is authorized, the court next considers whether there are sufficient contacts with the forum state to meet the requirements of the Due Process Clause of the fourteenth amendment." *Id*.

According to Plaintiffs' allegations, SASL is a limited liability company with its principal office in Valletta, Malta. *See* [Doc. 1], ¶ 8. SASL withdrew its registration with the United States Securities and Exchange Commission ("SEC") on October 1, 2019. *Id*.

Lastly, SASL moves to dismiss all claims against it on the basis of insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(5). "The Federal Rules of Civil Procedure allow a party

3

to seek dismissal of a claim if there has been insufficient service of process. Fed. R. Civ. P. 12(b)(5). Such a motion implicates the court's jurisdiction over the moving party because "[i]n the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *Slocum v. Duke Progress Energy*, No. 5:23-CV-00680-M, 2024 WL 1481069, at *2 (E.D.N.C. Mar. 19, 2024), report and recommendation adopted, No. 5:23-CV-00680-M-RN, 2024 WL 1642760 (E.D.N.C. Apr. 16, 2024). Once a party claims they have been improperly served, "the plaintiff bears the burden of establishing the validity of service pursuant to Rule 4." *Id*.

WHEREFORE, SASL hereby requests the Court grant all relief requested by Moving Defendants in their Motion to Dismiss, and grant SASL any other and further relief as may be just and necessary under the circumstances.

Dated: June 11, 2024

**CONDON TOBIN SLADEK THORNTON NERENBERG PLLC**

*/s/ Jared T.S. Pace*
Aaron Z. Tobin (*pro hac vice*)
atobin@condontobin.com
Jared T.S. Pace (*pro hac vice*)
jpace@condontobin.com
Gage Taylor (*pro hac vice*)
gtaylor@condontobin.com
8080 Park Lane, Suite 700
Dallas, Texas 75231
Telephone: 214-265-3800
Facsimile: 214-691-6311

*Attorneys for Moving Defendants*

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on June 11, 2024, the foregoing document was electronically filed with the Clerk of Court and served on all counsel of record using the Court's CM/ECF system.

<i>/s/Jared T.S. Pace</i><br>
Jared T.S. Pace